UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TERRA SUPREME BATTERY, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) CAUSE NO. 1:25-cv-00118-HAB-SLC |
| | ) |
| **COTECHNO GROUP, INC.**, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

On March 14, 2025, Defendants removed this action to federal court from the Wabash County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 3). Subject matter jurisdiction is the first issue that must be addressed upon removal, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendants' diversity allegations in its Notice of Removal are deficient.

Defendants allege that Plaintiff Terra Supreme Battery LLC "is an Indiana corporation having a principal place of business in the State of Indiana and is, therefore, deemed an Indiana citizen . . . ." (ECF 3 ¶ 5). However, Plaintiff's name, Terra Supreme Battery LLC, suggests it is a limited liability company (LLC), not a corporation. "[T]he citizenship of an LLC for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, the Court must be advised of the name and citizenship of each member of Terra Supreme Battery LLC for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). For any member who is an unincorporated association such as an LLC or partnership, Defendants must trace the member's citizenship

through all applicable layers of ownership to ensure that no member shares a common citizenship with Defendants. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Additionally, Defendants fail to allege the citizenship of the two individual Defendants in the Notice of Removal. An individual's citizenship is determined by their domicile. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, the Court must be informed of the domiciles of the two individual Defendants.

As the party seeking to invoke federal diversity jurisdiction, Defendants bear the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Defendants have not yet done so. Therefore, Defendants are AFFORDED to and including April 1, 2025, to file a supplemental jurisdictional statement that adequately articulates each party's citizenship.[1]

SO ORDERED.  Entered this 25th day of March 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

[1] In doing so, Defendants are reminded that "allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).