UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRA SUPREME BATTERY LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:25-cv-00118-HAB-SLC |
| | ) |
| COTECHNO GROUP, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

On March 25, 2025, the Court ordered Defendants to file a supplemental jurisdictional statement in this case Defendants removed here from Noble County Superior Court on the basis of diversity jurisdiction. (*See* ECF 3, 11). Defendants have now filed the statement, but it still fails to set forth the citizenship of Plaintiff Terra Supreme Battery LLC. (ECF 16). Defendants acknowledge as much, stating that they "are willing to file a motion seeking leave to serve initial discovery requests on Plaintiff regarding the names and citizenships of the members of Plaintiff prior to the [preliminary pretrial conference]." (*Id.* ¶¶ 9-10). This discovery, however, may ultimately be unnecessary.

To explain, Plaintiff has since filed its disclosure statement as required by Federal Rule of Civil Procedure 7.1(a)(2), though there are deficiencies in that statement too. (*See* ECF 21). To begin, as to any member of Plaintiff that includes a trust, Plaintiff must state whether the trust is a "traditional trust or a business trust. If the trust is a traditional trust, [Plaintiff] must then [name and] trace the citizenship of all of its trustees; if the trust is a business trust, [Plaintiff] must [name and] trace the citizenship of all its members." *4900 Morse Land Tr. v. Occidental Petroleum Corp.*, No. 2:23-cv-40-PPS-JPK, 2023 WL 1990076, at *4 (N.D. Ind. Feb. 14, 2023)

(citations omitted). Plaintiff also fails to set forth the state of incorporation and principal place of business of Professional Power Engineering Corp., to determine its citizenship. *See* 28 U.S.C. §§ 1332(c)(1), (d)(10). Further, Plaintiff fails to articulate the citizenship of individuals Bart Dunn, David Wible, and Michael Friskney. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (stating that the citizenship of an individual for diversity jurisdiction purposes is "the state of the individual's domicile[]—the state he considers his permanent home" (internal citations omitted)). Finally, the Court must be informed of the name and citizenship of each member of Bolen Investments, LLC, and Duncan Investments, LLC, tracing through all levels of ownership. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (The citizenship of a limited liability company "for purposes of . . . diversity jurisdiction is the citizenship of its members.").

Therefore, Plaintiff is ORDERED to file an amended disclosure statement that fully complies with Rule 7.1(a)(2) on or before April 28, 2025. The Court will then assess whether jurisdictional discovery is necessary.

SO ORDERED.

Entered this 21st day of April 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge