UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERRA SUPREME BATTERY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:25-cv-00118-HAB-SLC |
| | ) | |
| v. | ) | |
| | ) | |
| COTECHNO GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court in this breach-of-contract case is a motion to stay filed by Defendants on May 21, 2025, asking the Court to stay this case pending its ruling on Defendants' motion to transfer venue (ECF 32) filed on May 20, 2025, or alternatively, to extend the time for Defendants to respond to the complaint. (ECF 34). Plaintiff filed a response in opposition to the motion on June 4, 2025. (ECF 42). Defendants did not file a reply brief, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). For the following reasons, Defendants' motion to stay will be DENIED.

### *A. Case Background*

Plaintiff filed this case against Defendants in Noble County Superior Court on February 7, 2025, and Defendants subsequently removed it to this Court. (ECF 3, 9). On April 25, 2025, the Court set a preliminary pretrial conference for May 29, 2025. (ECF 28; *see also* ECF 19). On May 20, 2025, Defendants filed a motion to transfer venue to the Western District of Texas, contending that the essential and material facts, events, and business activities giving rise to Plaintiff's claims and Defendants' counterclaims arose in Texas. (ECF 32).

The next day, May 21, 2025, Defendants filed the instant motion to stay this case pending

the Court's ruling on the motion to transfer, or alternatively, extend Defendants' time to respond to the complaint. (ECF 34). Just two days later, on May 23, 2025, Defendants filed their answer, affirmative defenses, and counterclaims. (ECF 35).

On May 28, 2025, the Court approved and adopted the parties' proposed stipulated protective order. (ECF 37; *see* ECF 33, 33-1). On May 29, 2025, the Court conducted a preliminary pretrial conference and entered a Scheduling Order, setting a discovery deadline of April 1, 2026, and a dispositive motions deadline of May 4, 2026. (ECF 38, 39).

### B. Applicable Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering a motion to stay, courts assess the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* (citing *Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)); *see also Scott v. Freeland Enters., Inc.*, No. 1:22-CV-43-HAB, 2022 WL 4298566, at *2 (N.D. Ind. Sept. 19, 2022). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else, the party seeking the stay must make out a clear case of hardship or inequity in being required to go forward." *Pfizer Inc.*, 640 F. Supp. 2d at 1007 (alterations in original) (citation and internal quotation marks omitted); *see Landis*, 299 U.S. at 255.

## C. Discussion

In seeking to stay this case pending the Court's ruling on the motion to transfer, Defendants assert that Plaintiff will not be unduly prejudiced or tactically disadvantaged because "this case has not progressed beyond the initial pleadings stage; no answer or counterclaims have yet been filed by Defendants; and the parties have engaged in only preliminary discovery." (ECF 34 ¶ 18). Defendants also claim that they need additional time "to gather documents and evidence . . . to fully support their answer, affirmative defenses, and counterclaim." (*Id.* ¶ 13).

But Defendants' first argument had a short shelf life, as Defendants filed their answer, affirmative defenses, and counterclaims just two days after filing the motion to stay. (ECF 35). And as Plaintiff notes, the parties have now exchanged their initial disclosures, served discovery, engaged in a report of parties' planning meeting, and participated in a preliminary pretrial scheduling conference. (ECF 42 ¶¶ 14, 15; *see* ECF 15, 38, 39). The Court has also approved and adopted the parties' proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). (ECF 33, 37). As a result, this case quickly progressed beyond the initial pleadings stage in the time since Defendants filed the motion to stay, undercutting Defendants' first argument.

Defendants also assert that granting a stay "will simplify the issues and streamline the litigation process" in that "a determination as to the venue where this litigation will occur will enable the parties to properly assess their respective interests and litigation strategy in order [to] efficiently advance this case." (ECF 34 ¶ 21). Defendants further contend that a stay "is necessary to bring clarity on choice of law issues so that Defendants can properly respond to the Complaint and bring their counterclaims." (*Id.* ¶ 22).

3

A change of venue, however, will do nothing to resolve or advance the question as to which state law applies. In fact, "a stay until the forum issue is resolved does prejudice Plaintiff, by bringing resolution of the dispute to a standstill." *Davis v. Frontiersmen, Inc.*, No. 2:23-cv-108-PPS-JPK, 2023 WL 4418409, at *2 (N.D. Ind. July 10, 2023) (citation, internal quotation marks, and brackets omitted).

Finally, Defendants contend that staying the case will "reduce the burden of litigation on the parties and on this Court by determining where the case will be litigated and where trial will occur prior to incurring further costs and expenditure of time in this matter." (ECF 34 ¶ 23). To reiterate, this case has already progressed beyond the initial pleadings, and the only pending matters for the Court are the motion to stay and the motion to transfer. As such, there are no imminent deadlines to "burden" the Court.

Ultimately, contrary to Defendants' assertion, "a stay is not likely to simply this case and a stay will not reduce the burden of litigation on the parties and on the Court. The interests of efficiency and economy in litigation are . . . best served by moving [this case] along." *Am. Senior. Cmtys., LLC v. Burkhart*, No. 1:17-cv-03273-TWP-DML, 2019 WL 415614, at *3 (S.D. Ind. Feb. 1, 2019). Therefore, Defendants' motion to stay this case pending the Court's ruling on the motion to transfer will be denied.[1]

---

[1] Given that Defendants already timely filed their answer, affirmative defenses, and counterclaims (ECF 35), Defendants' alternative request for an extension of time to answer or otherwise respond to Plaintiff's complaint is moot.

4

### D. Conclusion

For the foregoing reasons, Defendants' motion to stay proceedings or for extension of time to respond to complaint (ECF 34) is DENIED.

SO ORDERED.

Entered this 3rd day of July 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge