UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRA SUPREME BATTERY LLC, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | )   Case No. 1:25-cv-00118-HAB-ALT |
| | ) |
| COTECHNO GROUP, INC., *et al.*, | ) |
| | ) |
|     Defendants/Counter-Claimants. | ) |

**OPINION AND ORDER**

On May 20, 2025, Defendants/Counter-Claimants CoTechno Group, Inc. ("CoTechno"), Alexandru Apostol, and Elena Cristina Apostol (collectively, "Defendants") filed a motion, together with supporting evidence and affidavits, to transfer this breach-of-contract suit to the Western District of Texas, where CoTechno maintains its principal place of business and the individual Defendants reside. (ECF 32; ECF 32-1 to 32-3). Plaintiff/Counter-Defendant Terra Supreme Battery LLC ("Terra"), filed a brief in opposition, together with a supporting declaration, on June 3, 2025 (ECF 41; ECF 41-1). Defendants timely filed a reply brief, along with an exhibit and a supplemental declaration (ECF 43; ECF 43-1 to ECF 43-2), and therefore the motion is now ripe for ruling.

For the following reasons, Defendants' motion to transfer venue will be DENIED.

*A. Factual and Procedural Background*

Terra, an Indiana limited liability company with its principal place of business in Albion, Indiana, is engaged in the production of high-quality energy storage batteries. (ECF 9 ¶¶ 6, 12; ECF 41-1 ¶¶ 4-5). CoTechno, a Texas corporation with its principal office located in San Marcos, Texas, is in the industrial textile and composites manufacturing industry, developing custom

solutions for high-tech applications, for markets including infrastructure, energy, transportation, defense, recreation, industry, marine, and aerospace. (ECF 22 ¶ 1; ECF 32-1 ¶ 3; *see also* ECF 9 ¶ 13 ("CoTechno is in the business of weaving fabrics.")). Defendant Alexandru Apostol is an employee, director, and the general manager of CoTechno, and Elena Apostol is an employee, director, and the president of CoTechno. (ECF 32-1 ¶ 2; ECF 32-2 ¶¶ 2, 5; ECF 35 at 3-4). Both reside in San Marcos, Texas. (ECF 23, 24).

In May 2023, Terra and CoTechno entered into a Mutual Confidentiality Agreement in furtherance of a business relationship between the parties pertaining to a battery line automation project at Terra's plant in Albion, Indiana. (ECF 32-1 at 11-15; ECF 41-1 ¶ 6). CoTechno was to manufacture and install certain wire and mesh manufacturing equipment for use in Terra's production of batteries. (ECF 32-1 ¶¶ 5, 8; ECF 41-1 ¶ 6). Much of the initial work by CoTechno under the agreement occurred in Texas from May 2023 to May 2024, including removing and relocating certain equipment from Oklahoma to San Marcos. (ECF 32-1 ¶¶ 17, 21). At least five of Terra's employees traveled to and worked onsite at CoTechno's facilities in San Marcos for a portion of this time. (*Id.* ¶¶ 34-35).

However, by May 2024, Defendant Alexandru Apostol and two other CoTechno technicians transported a truckload of equipment to Terra's Albion, Indiana, facility to deliver wire and mesh materials for fifty batteries and a mesh prep machine prototype. (*Id.* ¶¶ 26-28). Thereafter, from May 2024 through February 2025, Alexandru Apostol and six other CoTechno employees were intermittently onsite at Terra's Albion facility, working with Terra and its suppliers on the design and installation of the equipment. (*Id.* ¶¶ 29, 31; ECF 41-1 ¶¶ 16-19).[1]

---

[1] The onsite CoTechno team did not include Defendant Elena Cristina Apostol, as she has never traveled to Indiana. (ECF 32 at 6; ECF 32-2 ¶ 2).

2

Terra attests that this CoTechno team spent 188 nights in Indiana between May 2024 and February 2025. (ECF 41-1 ¶¶ 20-21). Terra further argues that during this time the CoTechno team interacted with, and entered into contracts with, several of Terra's Indiana-based suppliers. (ECF 41 at 7).

Terra indicates that on or about February 7, 2025, CoTechno ceased work on Terra's project and all CoTechno personnel returned to Texas. (ECF 32-1 ¶ 29). On February 7, 2025, Terra filed this case against Defendants in Noble County Superior Court, asserting that CoTechno breached various quotes, purchase orders, and invoices with Terra to provide machinery, equipment, and other related services related to Terra's battery automation project. (ECF 9). Defendants timely removed the case to this Court pursuant to diversity jurisdiction. 28 U.S.C. §1332(a) (ECF 3). Thereafter, Defendants filed an answer advancing various counterclaims against Terra (ECF 35), and then filed the motion to transfer on May 20, 2025 (ECF 32). The Court conducted a preliminary pretrial conference on May 29, 2025, setting a discovery deadline of April 1, 2026, and a dispositive motions deadline of May 4, 2026. (ECF 38, 39).

### B. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Transfer under § 1404(a) is appropriate where (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Bogard v TikTok Inc.*, 725 F. Supp. 3d 897, 904 (S.D. Ind. 2024) (citation and internal quotation marks omitted).

"When considering whether to transfer a case, a court must engage in a flexible and individualized analysis and look beyond a narrow or rigid set of considerations in [its] determinations." *Mallorqui-Ruscalleda v. Trs. of Ind. Univ. – Purdue Univ. Indianapolis*, No. 1:24-cv-00519-SEB-MG, 2025 WL 1312505, at *3 (S.D. Ind. May 6, 2025) (alteration in original) (quoting *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020)); *see also Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). "Transfer is not appropriate when doing so would merely shift the inconvenience of the litigation from one party to the other." *MaddenCo Inc. v. Reed*, No. 3:22-cv-00173-RLY-CSW, 2023 WL 11159200, at *2 (S.D. Ind. Sept. 27, 2023) (citing *Rsch. Automation, Inc.*, 626 F.3d at 978-79).

The party moving for transfer bears "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (citations omitted); *see also Bogard*, 725 F. Supp. 3d at 904. "The court may consider affidavits and other documents offered by the parties, in addition to the allegations in the complaint, in addressing a motion to transfer." *Bogard*, 725 F. Supp. 3d at 904 (citation omitted).

C.  Analysis

CoTechno argues that venue is proper in the Western District of Texas and clearly more convenient, asserting that a substantial portion of the material facts and events giving rise to Terra's claims and CoTechno's counterclaims occurred in Texas; evidence, documents, and witnesses are located in Texas; and the interests of justice outweigh Terra's choice of forum and support a transfer of this action. (ECF 32 at 11). Terra disagrees, contending that CoTechno fails to carry its heavy burden associated with the motion to transfer. (ECF 41 at 1). The Court will discuss each of the relevant factors in turn.

1. Plaintiff's Choice of Forum

"[A] [p]laintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. Oct. 30, 2017) (citation omitted); *see also Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997). Here, Terra filed suit in its home forum of Indiana, and thus, this factor⸺at least at first glance⸺weighs in Terra's favor.

2. The Situs of Material Events

Yet, "[w]here the plaintiff's choice of forum is not the situs of the material events, or has a relatively weak connection to the events, plaintiff's chosen forum is entitled to less deference." *CMG Worldwide, Inc., v. Bradford Licensing Assocs.*, No. 1:05-cv-0423-DFH-TAB, 2006 WL 3248423, at *4 (S.D. Ind. Mar. 23, 2006) (collecting cases); *see also Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Hoover v. McDonald's Rests. of Tenn., Inc.*, 4:15-CV-033-JD, 2016 WL 922672, at *2 (N.D. Ind. Mar. 11, 2016); *Heston v. Equifax Credit Info. Servs.*, No. 03 C 2476, 2003 WL 22243986, at *1 (N.D. Ill. 2003). CoTechno argues that the situs of material events—that is, the relevant business decisions and the design and manufacturing of the materials and equipment—all took place in Texas. (ECF 32 at 12-13). CoTechno contends that "[t]he only events occurring in Indiana are the subsequent limited transfer and installation of equipment for test run purposes, which services were performed by [CoTechno] personnel who returned to their primary place of work and residence in Texas." (*Id.* at 13). As such, CoTechno asserts that Indiana is not the situs of material events in this dispute, and that Terra's chosen home forum is entitled to less deference.

But CoTechno cannot seriously deny that some material events occurred in Indiana. While CoTechno may have designed and manufactured the equipment for Terra in Texas, there is

no dispute that Defendant Alexandru Apostol and other CoTechno personnel travelled to Indiana to transport, deliver, and install the equipment at Terra's Albion facility. (*See* ECF 32-1 ¶¶ 26, 29, 31; ECF 41-1 ¶¶ 16, 18). Further, CoTechno does not disagree with Terra's representation that this team of CoTechno personnel spent 188 nights in Indiana to work on the equipment. (ECF 41-1 ¶ 20). Nor does CoTechno dispute that its team interacted with, and entered into contracts with, several of Terra's Indiana-based suppliers. (ECF 41 at 7; *see* ECF 41-1 ¶ 28). And as Terra observes, at least some of CoTechno's counterclaims seem to pertain to alleged events occurring in Indiana, including Terra's failure to use its own employees as labor support for the CoTechno equipment, Terra's insistence that CoTechno use certain vendors, and Terra's disclosure of CoTechno's proprietary information. (ECF 41 at 8-10; *see* ECF 35 ¶¶ 79-156).

Accordingly, because Indiana is Terra's chosen and home forum, and the situs of some of the material events in this case, Terra's choice of Indiana as the forum is entitled to substantial deference. *See Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833-34 (N.D. Ill. 1999) (assigning substantial deference to plaintiff's chosen and home forum where it was the situs of some of the material events in the case); *Chem. Waste Mgmt., Inc. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994) ("[A] plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." (citation omitted)).

3. Ease of Access to Sources of Proof

Next CoTechno argues that the ease of access to sources of proof weighs in favor of transfer in that the design, manufacture, production, and storage of the materials, equipment, and machinery took place in Texas. (ECF 32 at 13). CoTechno points out that its offices and documents are located in Texas and "[a]ccessing and compelling the production of this evidence in an Indiana court will prove very difficult and costly[,]" while accessing this evidence would

be "immensely more convenient and relatively simple" if the case were in the Western District of Texas. (*Id.*).

But whether documents are stored in Texas or Indiana, it is likely that the documents can be produced electronically, eliminating any inconvenience from the location of the evidence to either party. In that regard, Terra observes that CoTechno has already electronically produced 2,891 pages of discovery documents without apparent difficulty. (ECF 41-1 ¶ 31); *see Zimmer, Inc. v. Zimmer Medizinsystems*, No. 3:19-CV-405-DRL-MGG, 2022 WL 21697168, at *4 (N.D. Ind. Dec. 5, 2022) (considering this factor "neutral" where the parties reported that documents had already been electronically transferred in the action); *Grange Mut. Cas. Co. v. Hallmark Specialty Ins. Co.*, No. 1:14-cv-00823-TWP-DML, 2015 WL 5552660, at *7 (S.D. Ind. Sept 16, 2015) ("[I]n cases where the material evidence is primarily documentary evidence, courts frequently consider the [material evidence] factor to be neutral in the decision to transfer." (citations omitted)). As a result, this factor does not weigh in favor of either party.

4. The Convenience of Witnesses

CoTechno emphasizes that Defendants Alexandru Apostol and Elena Cristina Apostol reside in San Marcos, Texas, and that CoTechno's engineers and employees who worked on the Terra project all reside in Texas. (ECF 23, 24; ECF 32-1 ¶¶ 32-33). CoTechno further reports there are approximately ten witnesses who are CoTechno employees residing in Texas, plus at least another twenty-five witnesses who reside in Texas. (ECF 32 at 14; *see* ECF 32-3). On the other hand, Terra reports that it has seven witnesses who are Terra employees residing in Indiana, and another thirty witnesses from seventeen Indiana-based suppliers and vendors located in Indiana who may testify about the work they did to repair, replace, and complete the job CoTechno allegedly did not. (ECF 41-1 ¶¶ 27-28). Terra also cites five suppliers or vendors

7

located in Michigan, North Carolina, and South Carolina who have knowledge about the matters in this lawsuit. (*Id.* ¶ 29).

"The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1054 (N.D. Ill. Jan. 24, 2012) (citation omitted). Having said that, "the convenience of employee-witnesses is generally assigned little weight." *Brandon Apparel Grp., Inc.*, 42 F. Supp. 2d at 834 (citation omitted). "[C]ourts typically presume that witnesses who are parties' employees . . . will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them." *Zimmer*, 2022 WL 21697168, at *4 (citation omitted). "[T]he primary concern is not the convenience to the parties but the convenience to witnesses—non-party witnesses, in particular." *21 SRL v. Newegg Inc.*, No. 09-cv-6590, 2010 WL 1178066, at *3 (N.D. Ill. Mar. 24, 2010) (citation omitted).

With respect to the convenience of the parties, "the court should consider [the parties'] respective residences and their ability to bear the expenses of litigating in a particular forum." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 776 (N.D. Ill. May 4, 1998) (citation omitted). Here, CoTechno has made no showing that the transfer would do more than "merely transform[] an inconvenience for one party into an inconvenience for the other party." *Chem. Waste Mgmt., Inc.*, 870 F. Supp. at 876 (citation omitted). "When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff[.]" *Bajer Design & Mktg., Inc. v. Whitney Design, Inc.*, No. 09 C 1815, 2009 WL 1849813, at *3 (N.D. Ill. June 26, 2009) (alteration in original) (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003)); *see Rsch. Automation, Inc.*, 626 F.3d at 978

("Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." (collecting cases)). Because the inconvenience of Indiana and Texas to the parties is comparable, this factor goes to Terra.

5. The Interests of Justice

Turning to the interests of justice, the Court must consider factors such as docket congestion and speed to trial, each court's relative familiarity with the relevant law, the respective desirability of resolving disputes in each locale, and the relationship of each community to the controversy. *See Rsch. Automation Inc.*, 626 F.3d at 978; *Arseneault v. AC & S Inc.*, No. 2:99-CV-76-JTM-JEM, 2016 WL 3742030, at *2 (N.D. Ind. July 13, 2016).

As to the first factor, CoTechno reports that the median time interval for cases in the Western District of Texas is 7.8 months, while the median time interval for cases in the Northern District of Indiana is 8.5 months. (ECF 43 at 10). CoTechno further argues that the case would more expeditiously proceed to trial in Texas because "nearly all key witnesses and material evidence is located in Texas." (*Id.*). But as already discussed, the number of witnesses residing in each jurisdiction is relatively similar, and there is material evidence located in both Texas and Indiana. So this first factor just narrowly favors CoTechno due to the slightly faster speed of the judicial process in the Western District of Texas.

Relevant to the second factor, the parties dispute whether Indiana or Texas law will govern the merits of this action. (ECF 41 at 14). The Court has not yet determined which state law will apply to the parties' contractual dispute, so the second factor is neutral.

Finally, CoTechno argues that "[t]he citizens of San Marco have a strong interest in having this dispute arising from a local business contract employing local and resident employees adjudicated locally." (ECF 32 at 16); *see Abad v. Bayer Corp.*, 563 F.3d 663, 668 (7th

9

Cir. 2009) ("In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only." (citation omitted)). But that argument equally applies to Indiana, as the citizens of Indiana have a strong interest in disputes involving a local business employing Indiana residents adjudicated in Indiana. *See Doman v. Heartland Recreational Vehicles, LLC*, No. 3:23-cv-218-CCB-SJF, 2024 WL 4286194, at *8 (N.D. Ind. Sept. 25, 2024) ("Indiana has an interest in litigation regarding its own corporations as well as those doing business with its corporations . . . ." (citation omitted)). As such, "the interests of justice would not be served better by one forum over the other[,]" *Zimmer, Inc.*, 2022 WL 21697168, at *6, rendering this third factor neutral.

As explained at the outset, "a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." *Chem. Waste Mgmt., Inc.*, 870 F. Supp. at 876 (citation omitted). While one of three factors in the interests of justice slightly favors transfer, CoTechno has failed to carry its burden to show that the balance of factors weighs strongly in CoTechno's favor sufficient to overcome Terra's chosen home forum of Indiana and the situs of some of the material events in this case. Accordingly, the motion to transfer venue will be denied.

### D. Conclusion

For the foregoing reasons, CoTechno's motion to transfer venue to the Western District of Texas (ECF 32) is DENIED.

SO ORDERED. Entered this 17th day of July 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge
